UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE GRAY CASUALTY AND SURETY COMPANEY | CIVIL ACTION |
| VERSUS | NO.  12-2709 |
| SHERRI LEBAS, SECRETARY, LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | SECTION "N"  (1) |

<u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and (3) on

Grounds of Eleventh Amendment Immunity and Improper Venue  (Rec. Doc. 11).   Defendant has

filed a supplemental memorandum in support of the motion (Rec. Doc. 27).    Plaintiff has filed

opposition memoranda (Rec. Docs. 28 and 33).   Defendant has filed a sur-reply memorandum (Rec.

Doc. 35).

**I.  <u>BACKGROUND:</u>**

The Gray Casualty and Surety Company ("Gray") brings this action seeking declaratory and

injunctive relief from an October 17, 2012 decision by Sherri Lebas, Secretary of the Louisiana

Department of Transportation and Development ("DOTD"), to disqualify Gray from bonding future

DOTD projects.   Gray claims that this disqualification violated Gray's rights to procedural and

substantive due process because it (1) operates as a *de facto* action against Gray's license, (2) was

*ultra vires* (Gray maintains that only the Commissioner of Insurance has such authority), and (3) was

imposed without the hearing required for such actions under Louisiana law.   The DOTD maintains

that it was within its rights to disqualify Gray from bonding future DOTD projects because Gray has

refused to render performance on a payment and performance bond issued by Gray in connection with a contract between the DOTD  and Boland Marine & Manufacturing Co., L.L.C. ("Boland") for repair of the Bayou Tigre Bridge.  Gray also claims that the DOTD violated Gray's first amendment right of access to the courts when it offered to suspend the disqualification if Gray would agree to abide by the decision of an independent third party regarding the outcome of the underlying Bayou Tigre dispute.

Gray has moved for a temporary restraining order (TRO), the effect of which would be to require the DOTD to accept bids bonded by Gray.   The DOTD has moved to dismiss the suit on grounds of sovereign immunity, as confirmed by the Eleventh Amendment, and improper venue. Alternatively, the DOTD argues that in the event the Court rules against it on immunity and venue, the Court should nevertheless abstain from hearing the case due to federalism concerns.  Because the Court agrees with the DOTD that venue is improper in this District, the Court does not reach the issues of immunity or abstention.

## II.  LAW AND ANALYSIS:

Where a case has laid venue in the wrong division or district, section 1406(a) requires that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue."  *Ross v. Digioia*, 2012 WL 72703 *2 (E.D. La. Jan. 10, 2012) (Vance, J.) (citing *Perez v. Pan American Life Ins. Co.*, 1995 WL 696803 at *2 (5th Cir. Oct. 20, 1995)); *see also Summers v. Kenton, OH Policea*, 2012 WL 1565363 *4 (E.D. La. 2012); Wright, Miller & Cooper, 14D Federal Practice &

PROCEDURE, § 3826 (3d ed. 2007).  "On a Rule 12(b)(3) motion, the court must accept as true all

allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Id.*  "Further, in

deciding whether venue is proper, the court may look outside of the complaint and its attachments."

*Id.*  (citing *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 130 S.Ct.

1054 (2010)).

     Both parties agree that the question of venue is governed by the general venue statute at 28

U.S.C. § 1391(b), which provides:

> A civil action may be brought in–
>
>     (1) a judicial district in which any defendant resides, if all defendants are
> residents of the State in which the district is located;
>
>     (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the subject
> of the action is situated; or
>
>     (3) if there is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant is subject to the
> court's personal jurisdiction with respect to such action.[1]

Plaintiff does not allege or argue that the defendant resides in this District.[2]  Rather, its sole basis

---

    [1]  Section 1391(b)(3) applies only where there is no district where venue is proper under 1391(b)(1) or (2).  Here, both parties agree that venue is proper in the Middle District of Louisiana.  The only question is whether it is also proper here.  Thus, subsection (3) is not part of the Court's inquiry.

    [2]  Indeed, plaintiff alleges that the defendant is domiciled in East Baton Rouge Parish. *See* Complaint (Rec. Doc. 1) at ¶ 1.  Moreover, the general rule is that a government official sued in her official capacity resides for venue purposes where she performs her official duties.  *See, e.g., Clark v. Marx,* 2012 WL 41926 *6 (W.D. La. 2012) ("All Defendants have been sued in their official capacities, and the general rule in suits against public officials is that the official's residence for venue purpose is the district where he performs his official duties.") (citing *Florida*

for laying venue here is its assertion that "a substantial part of the events or omissions giving rise to the claim occurred" in this District.   In support of this argument, plaintiff submits: (1) that the injury will be suffered in this District, given that plaintiff's own central office is located here and that many of plaintiff's customers are here; and (2) many events relating to the Bayou Tigre Bridge bond occurred in this District – e.g., the bond was negotiated and executed here, Boland resides here, and plaintiff coordinated its actions on the bond from its office here.

Plaintiff's argument regarding the place of injury is contrary to the plain language of the venue statute and to the weight of jurisprudence.  The vast majority of courts to address the issue – including courts in this Circuit – have held that the focus of the "substantial part of events" inquiry is on the actions or omissions of the defendant, not on where the plaintiff later feels the economic effects of the injury.  *Cabot Oil & Gas Corp. v. Water Cleaning Services, LLC*, 2012 WL 2133589 *2 (S.D. Tex. June 12, 2012) ("the § 1391(b)(2) inquiry focuse[s] on the activities of the defendant," not on where the plaintiff resided when the economic effect was felt); *Harrison v. McDonald's Mgmt. Co.*, 2011 WL 2036443 *1 (S.D. Miss. 2011) ("Federal courts within this circuit have consistently held that the situs of the accident is the location of proper venue, not where the plaintiff receives medical treatment, or where damages or adverse economic effects are suffered, including lost wages."); *Ware v. United Rentals (North America), Inc.*, 2010 WL 1374583 *4 (E.D. Tex. 2010) ("the fact that evidence relating to damages or adverse economic effects, including lost wages, may be located in the Eastern District of Texas does not establish venue in this district under § 1391");

_____

*Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd on other grounds,* 450 U.S. 147 (1981)).  This would also be East Baton Rouge Parish.

*Owen v. Avis Rent-A-Car System LLC,* 2008 WL 5539486 *2 (W.D. La. 2008); *Bigham v. Envirocare of Utah, Inc.,* 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) ("the fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district"); *Labranche v. Embassy Suites, Inc.*, 1999 WL 58841 *1 (E.D. La. 1999) ("Although plaintiff's medical treatment may indeed have contributed to his damages, it did not 'give rise' to his claim. Rather, the accident and alleged negligence of defendants 'gave rise' to plaintiff's claim."); *Smith v. Fortenberry*, 903 F.Supp. 1018, 1020-21 (E.D. La. 1995); *cf. Schneckenberger v. Louisiana Com'n on Ethics for Public Employees*, 1988 WL 142005 (E.D. La. 1988) (applying earlier version of venue statute, finding that claim arose in Baton Rouge where the commission enforced the allegedly unconstitutional statute, and not in the Eastern District where the effects of the statute's enforcement were felt by the plaintiffs).[3]  Thus, the relevant question is whether a substantial part of the actions or omissions giving rise to the claim occurred in this District.

Here, it is undisputed that all of the defendant's actions and omissions giving rise to the claim occurred in East Baton Rouge Parish, which lies in the Middle District of Louisiana.  Indeed, both the alleged wrong and the alleged injury (*i.e.*, the alleged deprivation of Gray's property right – the license bestowed by the State) occurred in the Middle District.  The fact that plaintiff expects

---

[3] Plaintiff cites two cases that do not follow this reasoning:  *McNiece v. Jindal,* 1997 WL 767665 (E.D. La. 1997), and *Globe Glass & Mirror Co. v. Brown,* 888 F.Supp. 768 (E.D. La. 1995).  The Court does not find these to be persuasive.  Unlike the opinions cited above by the Court, these two cases contain no in-depth analysis of the issue at hand and fail to convince this Court that economic consequences being felt in a plaintiff's home district, without more, should in the ordinary case constitute an "event or omission giving rise to the claim" within the meaning of the venue statute.  Certainly under the facts of this case, they do not.

to later suffer economic consequences as a result of the alleged deprivation, which presumably would be felt here in plaintiff's home district, is not an "event[] or omission[] giving rise to the claim." Certainly it does not form a "substantial part" of the events or omissions giving rise to the claim and therefore cannot serve as a basis for venue.

Plaintiff's second argument – that events relating to negotiation and execution of the Bayou Tigre bond occurred in this District – fares no better. No amount of effort can convert these negotiations and dealings into events "giving rise" to the plaintiff's claims. First, defendant was involved in none of the negotiations cited, which were between Gray and Boland only. Second, and more importantly, plaintiff is adamant that this suit is not based on the Bayou Tigre contract. *See, e.g.*, Rec. Doc. 28 at 13-14. "Instead," plaintiff argues, "this suit arises from the DOTD's unlawful and ultra vires decision to deprive Gray of its constitutional rights. This disqualification is not a contractual action." *Id.* The Court agrees. The Bayou Tigre bridge repair contract did not give rise to plaintiff's claims herein. Thus, plaintiff's and/or Boland's actions in negotiating and executing the bond on that contract are irrelevant to the venue inquiry under 28 U.S.C. § 1391(b)(2), which is concerned only with events that give rise to the plaintiff's claim.

Plaintiff concedes, as it must, that venue is proper in the Middle District. Plaintiff's argument is that venue is also proper in this District. Certainly, venue may lie in more than one district and where it does, the plaintiff may have its choice. *Bigham,* 123 F. Supp. 2d at 1048 (plaintiff is not required to choose the "best" venue). However, in such a case, both districts must independently satisfy 28 U.S.C. § 1391(b)(1) or (2). Here, plaintiff has presented no facts to suggest that any of the events giving rise to its claim took place in this District. Rather, the facts

6

alleged show that the defendant made a decision in East Baton Rouge Parish regarding how it would conduct its official bid-letting process. Plaintiff wants to participate in that process – and contends that it is entitled pursuant to state statute and state license to do so, but defendant has persisted in its decision to exclude plaintiff from the process. None of these events occurred in this District. Thus, plaintiff has failed to carry its burden of establishing that venue is proper here.

The Court recognizes that issues relating to subject matter jurisdiction are ordinarily decided prior to secondary matters such as venue. However, in this case, the jurisdictional inquiry requires an *Ex Parte Young* analysis that is inextricably bound up with the merits. *See Neuwirth v. Louisiana State Bd. of Dentistry,* 845 F.2d 553, 556-57 (5th Cir. 1988) (determining whether plaintiff's "claim implicate[d] a constitutional violation, as contrasted with a violation of state law alone," such that he should be permitted to proceed in federal court against a state agency under the *Ex Parte Young* fiction, was "intertwined" with and would be decided jointly with the merits). Although plaintiff claims a violation of due process, the question is interwoven with numerous state statutes and regulations. There are also significant arguments regarding the appropriateness of abstention based on federalism concerns. Given that venue is patently improper, it is appropriate for this Court to leave this substantive analysis for a Court of proper venue.[4]

---

[4] *See, e.g., Crotona 1967 Corp. v. Vidu Bro. Corp.,* 2010 WL 5299866 *1 and note 1 (S.D.N.Y. 2010) (determination of improper venue may precede determination of jurisdiction) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85 (1999); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007)); *Shay v. Sight & Sound Systems, Inc.,* 668 F.Supp.2d 80, 82 (D.D.C. 2009) ("a court may decide questions of venue before addressing issues of personal or subject matter jurisdiction") (citing *Ruhrgas* and *Sinochem*).

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss **(Rec. Doc. 11)** is hereby **GRANTED**

as to venue, and this case is hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 7th day of January, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**